UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEO WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-02847 (UNA) |
| | ) | |
| ANGUS KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

The complaint is difficult to follow. Plaintiff sues several United States senators and representatives, contending that the [sic] "government is not affair a affair is not a job an jobs." *See* Compl. at 2–4. As best understood, Plaintiff goes on to broadly allege, without detail or context, that "false statements" have been made regarding veterans' access to housing. *See id.* at 4. He demands $1 million from each Defendant resulting from alleged "turmoil" at his current veteran's shelter, related to headaches caused by "fuss" and loud "voices." *See id.*

First, *pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's claims, and the allegations fall well short of stating a plausible claim.

Second, even if his claims could be understood, Plaintiff fails to establish subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), citing only to 18 U.S.C. § 1001, *see* Compl. at 3, a criminal statute that "does not create a private cause of action," *Lee v. United States Agency for Int'l Develop.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (per curiam); *see Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (same) (collecting cases).

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 27, 2024

/s/_____
ANA C. REYES
United States District Judge